## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Mario Leonel Alvarado Lorenzo | * | |
| 11400 Stewart Ln, Apt. C2 | * | |
| Silver Spring, MD 20904 | * | |
| (Montgomery County) | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Case No.: 1:22-cv-728 |
| | * | |
| GRANITE DISCOUNTER, INC. | * | |
| 8836 Washington Blvd., #105 | * | |
| Jessup, MD 20794 | * | |
|     Serve: Resident Agent | * | |
|     Farzin Mehrabkhani | * | |
|     8836 Washington Blvd #105 | * | |
|     Jessup, MD 20794 | * | |
|     (Howard County) | * | |
| | * | |
| Farzad Abdi | * | |
| 707 S. President Street, # 826 | * | |
| Baltimore, Maryland 21202 | * | |
| (Baltimore City) | * | |
| | * | |
| DEFENDANTS. | * | Jury Trial Requested |

*******************************************************************************

## COMPLAINT

Plaintiff, Mario Leonel Alvarado Lorenzo ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendant Granite Discounter, Inc. ("Granite Discounter"), and Defendant Farzad Abdi (collectively "Defendants") to recover damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann, Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff Mario Leonel Alvarado Lorenzo is an adult resident of the State of Maryland. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA, the MWHL and the MWPCL.

2.      Defendant Granite Discounter, Inc., is a corporation formed under the laws of the State of Maryland with its principal office located at 8836 Washington Blvd., #105, Jessup, MD 20794. Defendant Granite Discounter is a retailer and installer of granite kitchen countertops, operating and doing business throughout the State of Maryland.

3.      Defendant Farzad Abdi is an adult resident of the State of Maryland. Defendant Abdi owns, operates, and/or manages Granite Discounter, Inc.

4.      Plaintiff was employed by Defendants at Granite Discounter as a manufacturer and a fabricator during his employ. As a "manufacturer" and a "fabricator," Plaintiff was responsible for manually cutting and sizing granite, as well as polishing granite for orders received by Defendant Company.

5.      At all times material herein, Granite Discounter, in the aggregate and in the individual, has had an annual gross volume of sales made or business done in an amount exceeding $500,000 and thus, qualifies as an "enterprise" within the meaning of § 3(r) of the FLSA.

6.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely granite countertops) that were moved in or produced for interstate commerce. Thus, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce under §§ 206-207 of the FLSA.

7.      At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA,

MWHL and the MWPCL.

8.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to, "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

10.     All alleged causes of actions can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## FACTS

11.     Plaintiff worked for Granite Discounter from approximately March 2021 until approximately January 31, 2022.

12.     During the Relevant Period, Defendants paid Plaintiff bi-weekly at an hourly rate between $22.00 and $23.00.

13.     During the Relevant Period, Plaintiff worked, on average, roughly forty-seven (47) hours per workweek at Defendant Company.

14.     Plaintiff worked more than forty (40) hours per week for the vast majority of the weeks that he worked for Defendants.

15.     At all times relevant during Plaintiff's employment, the Defendants were Plaintiff's "employers" for purposes of the FLSA, the MWHL and the MWPCL. Throughout Plaintiff's employment, Defendant Abdi:

    a.  Had the power to hire, fire, suspend and otherwise discipline Plaintiff. Indeed, Defendant Abdi was the individual that hired and fired Plaintiff from Defendant

Company;

b.  Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality. Indeed, Defendant Abdi supervised Plaintiff's work duties during his employ at Defendant Company;

c.  Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule. Indeed, Defendant Abdi set and controlled Plaintiff's work schedule during his employ at Defendant Company;

d.  Set and determined or had the power to set and determine Plaintiff's rate and method of pay. Indeed, Defendant Abdi set and determined Plaintiff's rate and method of pay during the Relevant Period; and

e.  Controlled, and was in charge of Granite Discounter's day-to-day operations.

16.    Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, the MWHL and the MWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
**Violation of Fair Labor Standards Act**
**(Overtime)**

17.    Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

18.    The FLSA mandates that employers must pay non-exempt employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay ("overtime rate") for all hours worked per week in excess of forty (40)("overtime hours").

19.     At all times relevant, Plaintiff was Defendants' "employee" pursuant to § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" pursuant to § 207(a)(2) of the FLSA.

20.     Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at the rate of time-and-one-half for all overtime hours Plaintiff worked in a given workweek.

21.     As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from payment of overtime hours.

22.     As set forth above, Defendants had knowledge that Plaintiff Mario Leonel Alvarado Lorenzo worked about forty-seven (47) hours each week. Alternatively, Defendants suffered or permitted Plaintiff to work about forty-seven (47) hours each workweek.

23.     As set forth above, Defendants failed and refused to pay Plaintiff at his overtime rate of time-and-one-half for all hours over forty (40) that Plaintiff worked each workweek. Defendants paid Plaintiff at his regular hourly rate for all hours worked per week and did not compensate him for his overtime hours as required under the FLSA.

24.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA were willful, intentional and not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of Maryland Wage and Hour Law**
**(Overtime)**

25.     Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

26.     Plaintiff was Defendants' "employee" and Defendants were the "employers" of the Plaintiff, within the meaning of the MWHL.

27.     As the "employers," Defendants were obligated to pay Plaintiff overtime compensation for all hours he worked each week in excess of forty (40).   Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.   The MWHL requires Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate of pay for all hours he worked in excess of forty (40) each work week ("overtime hours").

28.     As set forth above, Plaintiff's primary duties did not consist of work that would render him exempt from receiving payment for his overtime hours.

29.     As set forth above, Defendants failed to pay Plaintiff at a rate of time-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked over forty (40).

30.     As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly failed and refused to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for hours worked over forty (40) each workweek as required by the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law
### (Overtime)

31.     Plaintiff incorporates by reference all of the preceding allegations and paragraphs as if fully set forth herein.

32.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

33.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

34.     As detailed above, Defendants failed to compensate Plaintiff at the rate of time-and-one-half for all hours worked over forty (40) each workweek.

35.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including his wages for overtime at a rate of one-and-one-half times (1.5x) Plaintiff's regular hourly rate.

36.     As detailed above, Defendants failed and refused to pay Plaintiff for all work performed at Defendant Company during his employ.

37.     Defendants' failure and refusal to pay all of the wages due to Plaintiff was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages, including overtime wages, that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as this Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

_____
Michael K. Amster, Esq. (CPF No.: 1107150001)
Curtis F. Carr Jr., Esq. (CPF No.: 2009220003)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
Tel: (301) 587 – 9373
Fax: (240) 839 – 9142
mamster@zagfirm.com
ccarr@zagfirm.com

*Counsel for Plaintiff*